Petition for Writ of Mandamus Dismissed,
and Memorandum Opinion filed April 21, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00322-CR

NO. 14-11-00323-CR

____________

 

IN RE QUINTON JAMOND HAYNES, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

174th District Court

Harris County, Texas

Trial Court Cause Nos. 970848 & 970849

 

 

 



M E M O R
A N D U M   O P I N I O N

            On
April 13, 2011, relator Quinton Jamond Haynes filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code § 22.221; see also
Tex. R. App. P. 52.  In four issues, relator challenges his judgments of
conviction for two aggravated robbery offenses.  He complains that the
Honorable George Godwin, presiding judge of the 174th District Court of Harris County,
entered void orders and subjected him to double jeopardy.  Relator also asserts
that he is innocent of the charges and was denied effective assistance of counsel.

            In
2005, relator entered guilty pleas to two aggravated robbery offenses, and the
trial court sentenced him to confinement for forty years in each case, with the
sentences to be served concurrently.  This court affirmed relator’s convictions
on direct appeal.  See Haynes v. State, Nos. 14-05-00235-CR &
14-05-00236-CR, 2005 WL 2431105 (Tex. App.—Houston [14th Dist.] Sept. 1, 2005,
pet. ref’d) (not designated for publication).  The trial court’s judgments of
conviction are final.  Relator asserts that his aggravated robbery convictions
are void because the trial court did not make an affirmative finding of the use
of a deadly weapon.  He contends that his sentences are illegal and seeks
mandamus relief to correct them.

            We
lack jurisdiction to grant the requested relief.  Only the Texas Court of
Criminal Appeals has jurisdiction over matters related to post-conviction
relief from a final felony conviction.  See Ater v. Eighth Court of Appeals,
802 S.W.2d 241, 243 (Tex. 1991); see also Tex. Code Crim. Proc. art.
11.07; Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for
Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article
11.07 provides the exclusive means to challenge a final felony conviction).  

Accordingly, we dismiss relator’s petition for writ of
mandamus.

 

                                                                        PER
CURIAM

 

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Boyce.

Do Not
Publish — Tex. R. App. P. 47.2(b).